UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURO CAJAMARCA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>VECTOR STRUCTURAL PRESERVATION CORP.,<br><br>　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>**Docket No.:** 21-cv-07169<br><br>Jury Trial Demanded |

MAURO CAJAMARCA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against VECTOR STRUCTURAL PRESERVATION CORP. ("Vector" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.　This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (iv) the NYLL's requirement that employers furnish employees with a wage statement containing

specific categories of accurate information on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a New York corporation that operates a Nassau County-based construction company - - as a brick layer from in or around the beginning of March 2019 through in or around the middle of February 2020. As described below, throughout his employment, Defendant willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendant routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each workweek, yet Defendant paid Plaintiff on an hourly basis for all hours that he worked in a week, and thus not at the statutorily-required rate of one and one-half times his regular rate for any hours that Plaintiff worked in a week over forty.

3. Defendant further violated the NYLL and the NYCRR by failing to provide Plaintiff with any wage notice upon his hire, let alone an accurate one, or with any wage statement on each payday, let alone an accurate statement.

4. Defendant paid and treated all of its non-managerial manual workers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

8. At all relevant times, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant was and is a New York corporation with its principal place of business located at 21 Willowdale Avenue, Port Washington, New York 11050.

10. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000, and Vector was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed and employs two or more employees, and orders, sells, and buys supplies and construction materials from vendors located in states other than New York, and also accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Vector to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial manual worker employees, who during the applicable FLSA limitations period, performed any work for Defendant, and who give consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

12. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13. At all relevant times herein, Defendant is and has been aware of the requirement to pay its non-exempt employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so. Specifically, Plaintiff repeatedly addressed his concerns regarding Defendant's failure to pay him for his overtime hours worked in accordance with the law to his direct supervisor, Manus, who repeatedly responded by dismissively informing Plaintiff that Defendant would pay him for his overtime at a later date. Defendant never did so and continued to violate the FLSA by requiring Plaintiff and FLSA Plaintiffs to work over forty hours in a week without overtime pay.

14. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

15. Defendant is a New York corporation that operates a construction company located at 21 Willowdale Avenue, Port Washington, New York.

16. Plaintiff worked for Defendant as a brick layer from in or around the beginning of March 2019 until in or around mid-February 2020, primarily in Yonkers, and always in New York. As his title suggests, Plaintiff was responsible for laying bricks and performing cement work.

17. From the beginning of his employment until the end of November 2019, Defendant required Plaintiff to work, and Plaintiff did generally work, six days a week, Monday through Friday from 7:00 a.m. until 5:30 p.m., and on Saturday from 7:00 a.m. until 3:30 p.m., without a scheduled or uninterrupted break during his shifts, for a total of sixty-one hours per week. From in or around December 2019 until the end of his employment, Defendant required Plaintiff to work, and Plaintiff did generally work, six days a week, Monday through Friday from 7:00 a.m. until 4:30 p.m., and on Saturday from 7:00 a.m. until 3:30 p.m., also without a scheduled or uninterrupted break during his shifts, for a total of fifty-six hours per week.

18. For this work, Defendant paid Plaintiff on an hourly basis at the rate of $30.00 per hour for all hours that Plaintiff worked in a week, even those hours over forty. Thus, Defendant did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that he worked in a week over forty.

19. By way of example only, for the week of October 13 through October 19, 2019, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Sunday, October 13, 2019: off;
>
> Monday, October 14, 2019: 7:00 a.m. until 5:30 p.m.;
>
> Tuesday, October 15, 2019: 7:00 a.m. until 5:30 p.m.;
>
> Wednesday, October 16, 2019: 7:00 a.m. until 5:30 p.m.;
>
> Thursday, October 17, 2019: 7:00 a.m. until 5:30 p.m.;
>
> Friday, October 18, 2019: 7:00 a.m. until 5:30 p.m.;
>
> Saturday, October 19, 2019: 7:00 a.m. until 3:30 p.m..

Accordingly, Plaintiff worked a total of sixty-one hours during this week. In exchange for his work, Defendant paid Plaintiff at his regular hourly rate of $30.00 per hour for all hours of work. Defendant did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for any of the twenty-one hours that he worked in excess of forty that week.

20. Defendant failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

21. Throughout his employment, Defendant paid Plaintiff in cash on a weekly basis.

22. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.

23. Defendant treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

24. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

25. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

26. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

28. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

29. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

30. Defendant willfully violated the FLSA.

31. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

32. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

33. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

36. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

37. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

39. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

41. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

42. As also described above, Defendant, at the time of hire, failed to provide Plaintiff and any FLSA Plaintiff who opts into this action, with any wage notice, let alone one that accurately contained all of the criteria that the NYLL requires.

43. Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

44. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

9

46. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

47. As also described above, Defendant, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone one that accurately contained all of the criteria that the NYLL requires.

48. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## **DEMAND FOR A JURY TRIAL**

49. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

      f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i. Pre-judgment and post-judgment interest, as provided by law; and

      j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
          December 29, 2021

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    910 Franklin Avenue, Suite 200
                                    Garden City, New York 11530
                                    Tel. (516) 248-5550
                                    Fax. (516) 248-6027

                       By:     */s/ Danielle Petretta*
                                    DANIELLE PETRETTA (5566328)
                                    ALEXANDER T. COLEMAN (AC 8151)
                                    MICHAEL J. BORRELLI (MB 8533)