# BORRELLI & ASSOCIATES

## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

October 17, 2023

*Via ECF*
The Honorable James M. Wicks
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Cajamarca et al. v. Vector Structural Preservation Corp. et al.*
      Docket No.: 21-cv-07169 (JMW)

Dear Judge Wicks:

  As the Court knows, we represent the named-Plaintiff, Mauro Cajamarca, and the four opt-in Plaintiffs, Manuel Cajamarca, Octavio Matta, Mario Guaman, and William Ramos, in the above-referenced collective and putative class action arising under the Fair Labor Standards Act and the New York Labor Law against Defendants Vector Structural Preservation Corp. ("Vector"), North Star Strategy, Inc. ("North Star"), Five Dragons Consulting, Inc. ("Five Dragons"), and Salvador Almonte.  On September 20, 2023, the Court, upon Plaintiffs' request, extended Plaintiffs' deadline by thirty days to serve Defendant Almonte with the Summons and First Amended Complaint, to October 19, 2023.  For the reasons explained below, we write now to request an additional thirty days to serve Almonte, as well as for leave to serve him by alternative service under Federal Rule of Civil Procedure 4(e).

  By way of background, named-Plaintiff filed his First Amended Complaint on June 22, 2023 (ECF No. 35), adding three new Defendants (all listed above after Vector).  Defendants North Star and Five Dragons have been served, but neither has answered or otherwise responded.  To date, Plaintiffs' process server has made multiple attempts to serve Defendant Almonte at three home addresses, two in Brooklyn and the other in Stamford, Connecticut, but to date has not been able to serve him at any of those locations.  Annexed hereto are Affidavits of Attempted Service

at each address. Thus, Plaintiffs respectfully request additional time to serve him, as well as leave to do so by alternate service, namely, by: (1) text message to 347-777-2294, Almonte's known cell phone number and (2) by certified mail to all three addresses at which service was attempted.

Rule 4(e) permits service of a complaint upon an individual pursuant to state law.  Under New York law, where traditional methods of service are impractical, a court, upon motion without notice, may direct a more practical manner of service. New York Civil Practice Law and Rules § 308(5).  To effect alternative service, plaintiffs must demonstrate that traditional means of service were "impracticable." *S.E.C. v. Nnebe*, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (collecting cases and finding a sufficient showing of impracticability in order to effect alternative means of service).  "Whether traditional service is impracticable depends on the facts and circumstances of the case, but it does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Shamoun v. Mushlin*, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (internal citations and quotations omitted).  Where the usual methods of service are found impracticable, "[t]he Court may permit service by any other method that is reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 2022 WL 1046767, at *4 (S.D.N.Y. Apr. 6, 2022) *adopted by*, 2022 WL 1266741 (S.D.N.Y. Apr. 28, 2022) (internal citations omitted). "In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with 'constitutional notions of due process' by being 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)).

Courts have permitted service by text message, or the use of text messaging as notification in conjunction with other notification efforts, where such service is "reasonably calculated to provide Defendant notice of the pending action consistent with the intent of Rule 4 of the Federal Rules of Civil Procedure." *Ross v. Dejarnetti*, 2019 WL 8301676, at *6 (E.D. La. Aug. 23, 2019) (permitting service by text message and email); *see also Marvici v. Roache Facilities Maintenance LLC*, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 21, 2021) (finding that service by certified mail was problematic since plaintiffs knew defendant did not actually live or work at subject address, but permitting such service in addition to service by text message that plaintiff showed would likely reach defendant, because courts in this district approve "multi-prong approaches" to service); *F.T.C.*, 2013 WL 841037, at *5-6 (approving service, in 2013, by combination of email and Facebook); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (Sup. Ct. New York Cnty. 2015) (permitting service by Facebook and directing plaintiff to advise defendant by phone call and text message of such service).

Here, traditional means of service have either been exhausted or are impracticable.  That is, our office first engaged a process server to serve him at his last known address in Brooklyn.[1] Upon learning that this attempt was unsuccessful, our office engaged said process server to locate Defendant Almonte's current address.  The process server located a second address in Stamford, Connecticut, and attempted service there. When that was unsuccessful, we sought a thirty day extension to attempt service at a possible alternative home address in Brooklyn, at 167 Havemeyer Street, Unit 8, but the tenant therein informed the process server that Almonte did not reside there, despite city records indicating that Almonte is the current owner of that unit.  As such, Plaintiffs now request leave to serve Almonte by a combination of text message to 347-777-2294, a cell phone that Almonte used to communicate with Plaintiffs about their work, and certified mail to all three addresses at which service was previously attempted.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Clela A. Errington, Esq.
*For the Firm*

C:       Counsel for Defendant Vector (*via* ECF)

---

[1] Notably, per the Affidavit of Attempted Service, the unnamed tenants at 89 South Ninth Street, Brooklyn, New York, informed the process server "from behind the door" that Almonte was unknown to them, raising concerns that Almonte is purposefully evading service.

3